BRADFORD J. AXEL (WSBA #29269)
ERIKA HARTLIEP (WSBA #33277)
KRISTA L. NELSON (WSBA #45454)
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, Washington 98101-2393
(206) 626-6000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE DOLSEN COMPANIES, a Washington Corporation, COW PALACE, LLC, a Washington Limited Liability Company, THREE D PROPERTIES, LLC, a Washington Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>BEDIVERE INSURANCE COMPANY F/K/A ONEBEACON, a Pennsylvania Corporation; ARMOUR RISK MANAGEMENT, INC., a Pennsylvania Corporation, QBE INSURANCE CORPORATION, a Pennsylvania Corporation, UNIGARD INSURANCE COMPANY, a Washington corporation,<br><br>Defendants. | Case No.: 1:16-CV-3141-TOR<br><br>PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES<br><br><br><br>11/27/2017<br>Without Oral Argument |

## I. INTRODUCTION

Under Washington law, an insured alleging a bad faith claim has a presumed right to review the insurer's claim file and there is no presumption of an attorney-client privilege between the insured and the insurer in the claims-adjusting process. *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 696-99 (2013). Here, the Insurers have

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
CLAIM FILES - 1
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

withheld certain portions of their claim files, asserting the withheld information is protected from discovery by the attorney-client privilege or the work-product doctrine. Counsel for Plaintiffs and Defendants met and conferred regarding this issue and have reached an impasse. Plaintiffs respectfully request that the Insurers be required to produce the remaining portions of their claim files withheld on the basis of the attorney-client privilege or the work-product doctrine. In the alternative, Plaintiffs request that the Insurers present the withheld documents to the Court for in camera review.

## II. BACKGROUND

Cow Palace[1] was sued by environmental organizations (collectively, "CARE") in February 2013. E.D. Wash., Case No. CV-13-3016-TOR ("the CARE Litigation"). CARE alleged that Cow Palace violated federal law by applying excessive manure nutrients to crop fields and permitting manure-storage lagoons to leak. Cow Palace tendered the CARE Litigation to its Insurers. On June 18, 2013, OneBeacon denied all duties to defend and indemnify. On July 16, 2013, QBE denied all duties to defend and indemnify. As a result, Cow Palace retained its own defense counsel and in May 2015, following the Court's summary-judgment rulings, settled the CARE Litigation.

In April 2016, Cow Palace again requested defense and indemnity under the insurance policies. The Insurers again denied defense and indemnity in May and June 2016. Because of the Insurers' continued refusal to defend and indemnify, Cow Palace filed this lawsuit on June 15, 2016, alleging claims for declaratory relief, breach of

---

[1] Plaintiffs The Dolsen Companies, Cow Palace, LLC, and Three D Properties, LLC are collectively referred to as "Cow Palace."

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 2
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

contract, insurance bad faith, and violations of the Insurance Fair Conduct Act and Washington Consumer Protection Act.

Trial was set for May 2018 and discovery commenced. ECF No. 20. In January 2017, Cow Palace served a First Set of Interrogatories and Request for Production on each of the Insurers, requesting the claim files.[2] In response, each Insurer withheld portions of their claim file on the basis of the attorney-client privilege and/or work-product doctrine.[3] Soon thereafter, the parties agreed to stay discovery until the Court ruled on whether the absolute pollution exclusions in the insurance policies excluded coverage for the CARE Litigation. ECF No. 33. In September, the Court granted the Insurers' summary-judgment motions and held the Insurers had no duty to defend or indemnify Cow Palace in the CARE Litigation. ECF No. 70.

Cow Palace has separately asked the Court to stay this lawsuit and issue a partial final judgment under Federal Rule of Civil Procedure 54(b) to permit Cow Palace to appeal the Court's summary-judgment ruling dismissing its breach of contract claim. ECF No. 71. If the Court grants that motion, this motion may be denied as moot.

However, in light of the upcoming discovery and dispositive-motions deadline, Cow Palace files this motion and asks the Court to order the Insurers to disclose the

---

[2] Declaration of Bradford J. Axel in Support of Plaintiffs' Motion to Compel the Insurers to Produce Claim Files ("Axel Decl."), Ex. A (Unigard's response); Ex. B (QBE's response); & Ex. C (Bedivere's response).

[3] *Id.*, Ex. D (One Beacon Privilege Log) & Ex. E (QBE and Unigard Privilege Log).

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 3
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

withheld portions of the claim files. To pursue its remaining claims, Cow Palace must have access to the claim-file material predating this June 15, 2016 lawsuit.

Counsel conferred and agreed the meet-and-confer requirement under Local Rule 37.1 and Federal Rule of Civil Procedure 37(a)(1) is satisfied as to this discovery dispute—whether the Insurers must produce their claim files (predating this lawsuit) to the insured, Cow Palace.

### III.  ARGUMENT

The Court dismissed two of Cow Palace's five claims against the Insurers. ECF No. 70. Cow Palace has asked the Court to certify that decision for an appeal as a right under Rule 54(b) and to stay the case as to the remaining three claims in Cow Palace's complaint. ECF No. 71. Cow Palace believes that the grant of that motion is the most efficient course given the posture of the case. However, if its Rule 54(b) motion is denied, Cow Palace needs to receive full discovery from the Insurers as to the remaining three claims, including its bad-faith claim. While the Court's adverse ruling on the contractual duties to defend and indemnify may bear on the remaining three claims, the other asserted claims may survive without such duties. Bad-faith claims may be maintained even if an insurer ultimately had no duty to defend or indemnify. *See Absher Const. Co. v. N. Pac. Ins. Co.*, 861 F. Supp. 2d 1236, 1244 (W.D. Wash. 2012) ("[E]ven where there would be no coverage or right to a defense under the policy terms, if an insurer mishandles a claim in bad faith, a cause of action based on this conduct remains viable").

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 4
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

A.   **Cow Palace is entitled to the Insurers' complete claim files.**

To support its bad-faith claim,[4] Cow Palace must show the Insurers failed to act in good faith or honestly in handling Cow Palace's insurance claims.[5] This can be established in a number of ways, including showing the Insurers failed to conduct a reasonable investigation or failed to promptly communicate a coverage determination.

In Washington,[6] to help prove bad faith, the insured is generally entitled to access the insurer's pre-litigation claims file.[7] The Washington Supreme Court's 2013 decision in *Cedell* requires this presumed disclosure of the claim file to the insured because of the quasi-fiduciary duty owed by the insurer to the insured and resulting duties bore and accepted by the insurer, including the insurer's (1) duty to investigate each claim, (2) duty to only refuse claims after conducting a reasonable investigation, and (3) duty to maintain a claim file that contains "all notes and work papers pertaining to the claim in enough detail that pertinent events and dates of the events can be reconstructed."[8] "It is a well-established principle in bad faith actions brought by an insured against an insurer

---

[4] Cow Palace can pursue its bad-faith claims-handling claim even though the Court determined there is no coverage. *See Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 279 (1984).

[5] *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 131 (2008).

[6] The Court applies Washington law when reviewing the Insurers' attorney-client-privilege claim. Fed. R. Evid. 501.

[7] *Cedell*, 176 Wn.2d at 702. *Cf. Richardson v. Gov't Emp'ees Ins. Co.*, No. 48805-1-II, 2017 WL 4367701, at *9 (Wn. Ct. App. Oct. 3, 2017) (declining to apply *Cedell* in underinsured motorist bad-faith action).

[8] WAC 284-30-370; WAC 284-30-330(3), (4).

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 5
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

under the terms of an insurance contract that communications between the insurer and the attorney are not privileged with respect to the insured."[9]

Because the claim files are presumed discoverable,[10] the Insurers can only rebut this presumption by establishing that a withheld document contains legal advice where the attorney was not engaging in a quasi-fiduciary task, such as claims investigation, evaluation, and processing.[11] The Insurer can satisfy this evidentiary burden through an in camera review. If the trial judge finds the attorney-client privilege applies, the privilege can still be pierced if there is a reasonable foundation of bad faith by the Insurer, i.e., "that a reasonable person would have a reasonable belief that an act of bad faith has occurred."[12] If a reasonable foundation for civil fraud is found, then the attorney's advice and mental impressions remain discoverable by Cow Palace.[13]

---

[9] *Cedell*, 176 Wn.2d at 697 (quoting *Barry v. USAA*, 98 Wn. App. 199, 204 (1999)).

[10] *Id.* at 698–99 (2013) ("We start from the presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process, and that the attorney-client and work product privileges are generally not relevant").

[11] *Id.* at 699 (requiring the disclosure of "mental impressions . . . directly at issue in its quasi-fiduciary responsibilities to its insured").

[12] *Id.*; *see Barge v. State Farm Mut.*, No. C16-0249JLR, 2016 WL 6601643 (W.D. Wash. Nov. 8, 2016) (The insurer need not prove bad faith but the insurer must establish more than an honest disagreement between the insurer and the insured about coverage.).

[13] *Cedell*, 176 Wn.2d at 699.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 6
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

Cow Palace submits the withheld documents from before June 15, 2016, when the complaint was filed, will reflect conduct and statements by the Insurers' counsel that are relevant to quasi-fiduciary functions, such as evaluating Cow Palace's proffered claims and assisting with claim processing. Importantly, communications with attorney Nicholas Nardi cannot be withheld, as he engaged in quasi-fiduciary tasks, evidenced by the fact that he communicated directly with the Insured in administering the claim.[14]

Similarly, the notes of claims adjusters such as Christopher Miller, Robert Baynes, and others cannot be withheld on the basis of the attorney-client privilege, as they were employed by the Insurers and were responsible for administering the claims.

Cow Palace, as the insured, is entitled to discover information relating to evaluation and processing of its insurance claims. Cow Palace's need for this withheld information is highlighted by QBE counsel Nicholas Nardi authoring the July 16, 2013 coverage-denial letter, which involved evaluating the insurance claim—a quasi-fiduciary function.[15] If other counsel engaged in other quasi-fiduciary functions, the attorney-client privilege cannot insulate this relevant information.[16] Without full disclosure of the

---

[14] Axel Am. Decl., ECF No. 49-15, Ex. N at 9-30.

[15] *Id.*

[16] *HSS Enters. v. Amco Ins. Co.*, No. C06-1485-JPD, 2008 WL 163669, at *1 (W.D. Wash. 2008) (Insurers cannot "insulate the factual findings of a claims investigation by the involvement of an attorney to perform, or help perform, such work.").

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 7
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

claim files, the Insurers will be permitted to use the claimed attorney-client privileged documents as both a sword and a shield in this bad-faith action.[17]

The Insurers may argue that *Cedell* does not apply because Cow Palace seeks coverage for damages resulting from a third-party lawsuit. This argument lacks merit. Cow Palace is the insured, the entity covered under the insurance policies. That Cow Palace's damages result from a lawsuit brought by a third party (CARE) does not alter the fact that Cow Palace is the insured seeking a copy of the insurance-claim file for use in this bad-faith lawsuit against its Insurers. *Cedell*'s two guiding principles—the quasi-fiduciary duty of an insurer to its insured and the highly regulated nature of the insurance industry—support applying *Cedell* to third-party coverage claims.[18] Plus, the Washington Supreme Court recognizes "there is no appreciable difference between" a first-party claim and a third-party claim "with respect to whether bad faith claims mishandling remains actionable in the absence of coverage."[19] Therefore, regardless of whether the bad-faith litigation involves a first-party claim or a third-party claim, the

---

[17] *See Lexington Ins. Co. v. Swanson*, No. C05-1614MJP, 2007 WL 2121730, at *4 (W.D. Wash. July 24, 2007) (prohibiting the use of a privilege as both a sword and a shield); Ian Birk, *The Cedell Presumption: Discovery of the Insurer's Claim File in Insurance Bad Faith Litigation in Washington*, 49 Gonz. L. Rev. 503 (2014).

[18] *Carolina Cas. Ins. Co. v. Omeros Corp.*, No. C12-287-RAJ, 2013 WL 1561963, at *1 (W. D. Wash. April 12, 2013).

[19] *St. Paul Fire & Marine Ins. Co.*, 165 Wn.2d at 131.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 8
46133-013 \ 1474226.docx

Insurers may not use the attorney-client privilege to shield the withheld claim-file documents predating this lawsuit.

In summary, the Insurers must produce the withheld pre-June 15, 2016 portions of the claim files. In the alternative, the Insurers should be required to submit the withheld documents to the Court for an in camera review.

**B.    The Insurers fail to establish that the work-product protection applies.**

The Insurers also withheld portions of the claim files on work-product grounds. To determine whether a document is protected work product, the Court uses Federal Rule of Civil Procedure 26(b)'s work-product rules and, while doing so, applies Washington's *Cedell* principles.[20]  *Cedell* principles provide that the work product is generally not relevant between the insured and the insurer in the claims adjusting process.[21]

Under Rule 26(b)(3), work product—"documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative"—are not ordinarily discoverable. Yet, Rule 26 permits work product to be discovered if (1) the document would otherwise be discoverable and (2) the

---

[20] *Emery v. Nat'l Union Fire Ins. Co.*, No: 12-CV-0215-TOR, 2013 WL 11842002, at *2 (E.D. Wash. Apr. 26, 2013); *see also Phila. Indem. Ins. Co v. Olympia Early Learning Ctr.*, No. C12-5759 RBL, 2013 WL 3338503, at *4 n.7 (W.D. Wash. July 2, 2013).

[21] *Cedell*, 176 Wn.2d at 699.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
CLAIM FILES - 9
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

requesting party "shows a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."[22]

Thus the Insurers must first establish that each specific document withheld as work product was prepared in anticipation of litigation.[23] A "because of" test is used for documents that serve a dual purpose; a dual-purpose document is considered prepared in anticipation of litigation if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation."[24] If the Insurers satisfy this initial prepared-in-anticipation-of-litigation burden, the Court then assesses whether (1) the Insurers can withhold the *Cedell*-presumed-discoverable document and (2) Cow Palace has shown a substantial need for the withheld document.

Taking this latter substantial-need factor first, Cow Palace has no other means by which to discover this claims-handling information, as it is anticipated that work-product protection will be asserted during depositions and at trial. As to the *Cedell* analysis, the withheld claim-file documents are discoverable because, as discussed above, Cow Palace has a presumed right under *Cedell* to review the claim files in order to support its bad-faith claim alleging the Insurers unreasonably handled its insurance claims.

---

[22] Fed. R. Civ. P. 26(b)(3)(A).

[23] *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).

[24] *Id.* at 567.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 10
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

For these reasons, Cow Palace asks the Court to require the Insurers to produce the claimed work product predating this lawsuit or, alternatively, produce it for an in camera review and to thereafter order production to Cow Palace.

## IV.  CONCLUSION

In this bad-faith lawsuit, the Insurers may not withhold claim-file documents, predating June 15, 2016, based on the attorney-client privilege or work-product doctrine, otherwise the Insurers will be permitted to use these documents, and the information and communications contained therein, both as a sword and a shield. This contravenes *Cedell* and the purposes to be served by the attorney-client privilege and work-product doctrine. Cow Palace respectfully requests the Court order the Insurers to produce the withheld claim-file documents (predating this lawsuit) to the Court or alternatively require an in camera review and thereafter order disclosure of such to Cow Palace.

DATED this 26th day of October, 2017.

By: s/Bradford J. Axel
Bradford J. Axel (WSBA #29269)
Krista L. Nelson (WSBA #45454)
Erika Hartliep (WSBA #33277)
Attorney for Plaintiffs
Stokes Lawrence P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Telephone:  (206) 626-6000
Fax:  (206) 464-1496
Email:  bja@stokeslaw.com
         kln@stokeslaw.com
         enh@stokeslaw.com

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 11
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

# CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2017, I caused the foregoing to be:

☒   electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Karen Southworth Weaver<br>Misty Edmundson<br>SOHA & LANG, P.S.<br>1325 Fourth Avenue, Suite 2000<br>Seattle, WA  98101-2570<br>Telephone:  206-624-1800<br>Facsimile:   206-624-3585<br>Email:  weaver@sohalang.com<br>         edmundson@sohalang.com<br>*Attorneys for Defendants QBE Insurance Corporation and Unigard Insurance Company* | Michael McCormack<br>Michael Guadagno<br>Holly Brauchli<br>Bullivant Houser Bailey<br>1700 7th Avenue, Suite 1810<br>Seattle, WA 98101<br>Tel: (206) 521-6425<br>Fax: (206) 386-5130<br>Email:<br>michael.mccormack@bullivant.com<br>michael.guadagno@bullivant.com<br>holly.brauchli@bullivant.com<br>*Attorneys for Defendants Bedivere Insurance Company f/k/a OneBeacon and Armour Risk Management, Inc.* |

/s/ Bradford J. Axel
Bradford J. Axel (WSBA #29269)

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAIM FILES - 12
46133-013 \ 1474226.docx

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000