UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| THE DOLSEN COMPANIES, a Washington Corporation, et al., | NO. 1:16-CV-3141-TOR |
|---|---|
| Plaintiffs, | ORDER DENYING RULE 54(b) CERTIFICATION OF JUDGMENT |
| v. | |
| BEDIVERE INSURANCE COMPANY, f/k/a ONEBEACON, et al., | |
| Defendants. | |

BEFORE THE COURT is Plaintiffs' Motion for Judgment on Ruling Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 71). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed.

## BACKGROUND

The Court previously granted Defendants Motions for Partial Summary Judgment, holding Defendants did not have a duty to defend or indemnify

ORDER DENYING RULE 54(b) CERTIFICATION OF JUDGMENT ~ 1

Plaintiffs in the underlying CARE litigation. ECF No. 70. Plaintiffs now move for entry of a partial judgment pursuant to Fed. R. Civ. P. 54(b) to enable Plaintiffs to immediately appeal the Court's order. Plaintiffs further request that the Court stay all remaining claims in this action pending Plaintiffs' appeal. ECF No. 71. Defendants oppose the Motion. ECF No. 75.

## DISCUSSION

Rule 54(b) allows courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments [. . .], a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (citation omitted). The district court evaluates "such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id*. at 10. "[O]nce such juridical concerns have been met, the discretionary judgment of the district court should be given substantial deference, for that court is 'the one most likely to be familiar with the case and with any justifiable reasons for delay.'" *Id*. (citation omitted).

Rule 54(b) has a proper place. The Rule was adopted "specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case. . . . The Rule thus aimed to augment, not diminish, appeal opportunity." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (internal brackets omitted, citing *Gelboim v. Bank of Am. Corp.*, 135 S.Ct. 897, 902–03(2015)). The Ninth Circuit first asks "whether the certified order is sufficiently divisible from the other claims such that the "case would [not] inevitably come back to this court on the same set of facts." *Id*. (citation omitted). The equitable analysis ordinarily "is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id*. (citation omitted). Finally, the appeal must meet the "no just reason for delay" prong of Rule 54(b). *Id*. at 630. An appeal should not be certified if interlocutory review is more likely to cause additional delay than it is to ameliorate delay problems.

Here, while the insurance contract coverage issue is somewhat separable from the IFCA, bad faith and CPA claims, all arise from the same sets of insurance policies and share a common factual background. Plaintiffs' somewhat parallel claims should be analyzed on appeal as a single unit so as not to cause additional delay. Certainly, the delay Plaintiffs seek is to stay all the underlying claims. That would further compound delay, not ameliorate delay. Accordingly, both the legal

and equitable considerations weigh against piecemeal resolution of the claims involved here.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Judgment on Ruling Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 71) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** February 9, 2018.

THOMAS O. RICE
Chief United States District Judge