1
2
3
4
5

Misty Edmundson, WSBA # 29606
Jennifer Dinning, WSBA # 38236
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101-2570
Telephone:  206-624-1800
Attorneys for Defendant QBE Insurance Corporation
and Unigard Insurance Company.

6
7
8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON,
AT YAKIMA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

| | |
|---|---|
| THE DOLSEN COMPANIES, a Washington Corporation, COW PALACE, LLC, a Washington Limited Liability Company, THREE D PROPERTIES, LLC, a Washington Limited Liability Company,<br><br>     Plaintiffs,<br><br> vs.<br><br>BEDIVERE INSURANCE COMPANY f/k/a ONEBEACON, a Pennsylvania Corporation, ARMOUR RISK MANAGEMENT INC., a Pennsylvania Corporation, QBE INSURANCE CORPORATION, a Pennsylvania corporation, UNIGARD INSURANCE COMPANY, a Washington corporation,<br><br>     Defendants. | Cause No. 1:16-cv-03141 TOR<br><br>QBE INSURANCE CORPORATION AND UNIGARD INSURANCE COMPANY'S MOTION TO DISMISS<br><br>**MAY 14, 2018 (WITHOUT ORAL ARGUMENT)** |

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 1
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

8000.00185 kc196h21ge.003

# I. INTRODUCTION

Defendants QBE Insurance Corporation and Unigard Insurance Company (hereinafter "QBE") move, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b), for dismissal of certain of plaintiffs' claims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

# II. FACTS

On February 14, 2013, the underlying CARE Litigation was commenced against plaintiffs.  ECF No. 39-1; ECF No. 125 at ¶ 11.  On February 27, 2013, the plaintiffs tendered the CARE Litigation to QBE via a "General Liability Notice of Occurrence/Claim" regarding "alleged ground water contamination caused by dairy operations" sent by plaintiffs' insurance broker, Wells Fargo Insurance Services.  ECF No. 74 at 8; ECF No. 125 at ¶13.

QBE denied plaintiffs' tender of defense of the CARE Litigation on July 26, 2013.  ECF No. 125 at ¶ 23.  On October 31, 2013, QBE inquired whether plaintiffs were tendering either defense or indemnity for their obligations under the consent decree.  ECF No. 101-4 at Ex. B 242.  Plaintiffs failed to respond to this inquiry.

On May 16, 2016, plaintiffs' counsel completed the Office of the Insurance Commissioner's "Insurance Fair Conduct Act 20 Day Notification Sheet."  ECF No. 74 at 100; ECF No. 125 at ¶ 30.  The May 16, 2016 IFCA notice identifies

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 2
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

the Insurance Company as "QBE Insurance Group; Uniguard Insurance Group [sic]" and the line of insurance as "Farm Liability Coverage; Agri-Umbrella; Chemical Drift Liability." ECF No. 74 at 100. Plaintiffs have not filed the statutorily required notice under IFCA in regard to their "potential" first-party property claims.

The Second Amended Complaint was filed on February 21, 2018 (the "Complaint"). ECF No. 125. The Complaint lists the Policies, and alleges that all but one of the Policies provides coverage for extracting "pollutants" at each insured location. ECF No. 125 at ¶¶ 8-9. The QBE and Unigard policies do provide, under the first-party property coverage part, an Additional Coverage for Pollutant Clean Up and Removal, which provides, in pertinent part:

> **6.  Additional Coverage – Pollutant Clean Up and Removal**
>
> We will pay your expense to extract "pollutants" from land or water at the "insured location" if the discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused by or results from a Covered Cause of Loss that occurs during the policy period. The expenses will be paid only if they are reported to us in writing within 180 days of the date on which the Covered Cause of Loss occurs.
>
> This Additional Coverage does not apply to cost to test for, monitor or assess the existence,

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 3
USDC ED WA CAUSE NO. 1:16-cv-03141 TOR

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Ste 2000
Seattle, Washington 98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

1

2

3

4

5

6

7

8

9

    concentration or effects of "pollutants." But we
will pay for testing which is performed in the
course of extracting the "pollutants" from the
land or water.

    The most we will pay under this Additional
Coverage for each location listed in the
Declarations as an "insured location," is
$15,000,[1] unless a higher Limit of Insurance is
shown in the Declarations, for the sum of all
covered expenses arising out of Covered
Causes of Loss occuring during each separate
12 month period of this policy.

10 ECF No. 37-6 at Ex. F 517 - 518.

11     The Complaint alleges plaintiffs tendered the underlying CARE Litigation

12 to QBE.  ECF No. 125 at ¶19.  The Complaint does not allege plaintiffs ever

13 tendered a claim for first-party coverage.  *See* ECF No. 125.  Rather, the

14 Complaint alleges only that defendants "did not investigate *potential* first-party

15 coverage."  ECF No. 125 at ¶23 (emphasis added).  The Complaint also alleges

16 that the defendants failed to advise plaintiffs of potential first-party coverage for

17 "pollutant" extraction, even though plaintiffs still assert there is no "pollutant."

18 ECF No. 125 at ¶28 and fn 1.

19

20

21 [1] This limit is increased to $100,000 pursuant to the Schedule of Covered

22 Property – G14741 01 99. ECF 37-6 at Ex. F 514.

23

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 4
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

### III. AUTHORITY AND ARGUMENT

**A.**    **The Court Lacks Subject Matter Jurisdiction Over the First-Party Coverage Claims.**

Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of jurisdiction over the subject matter.  Once subject matter jurisdiction is challenged, plaintiff must prove jurisdiction to survive dismissal.  *Wausau Underwriters Ins. Co. v. Cont'l Cas. Co.*, 2008 WL 793618 *2 (E.D. Wash. 2008) *quoting Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).  The Court may consider materials outside the pleadings to resolve factual disputes concerning jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Plaintiffs must have standing in every federal case.  In order to show they have standing, the plaintiffs must prove three components: (1) plaintiff has suffered a distinct and palpable injury; (2) a causal connection to the injury that is "fairly traceable to the challenged action of the defendant"; and (3) the likelihood that the relief requested will redress the injury." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992).  The asserted injury must be real and concrete and not hypothetical and speculative – merging the standing and ripeness inquiries.  *Wausau*, 2008 WL 793618 at *2.  The determination of what is a real and concrete controversy instead of a speculative and hypothetical

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 5
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

situation "can be more a matter of intuition and reason than a rigid application" of a standard. *Id.* at *3. "A plaintiff may not prematurely file suit and then await the ripening of its claims; subject matter jurisdiction must exist at the time a claim is filed." *Forest Glade Homeowners Ass'n v. Allied Mut. Ins. Co.*, 2009 WL 927750 at *5 (W.D. Wash. 2009).

An insurance company cannot anticipate when, or if, an insured will make a claim for coverage. *Unigard Ins. Co. v. Leven*, 97 Wn.App.417, 427, 983 P.2d 1155 (1999). Rather, under Washington law, the "insured must affirmatively inform the insurer that its participation is desired." *Id.*; *see also Ohio Sec. Ins. Co. v. Axis Ins. Co.*, 2017 WL 1710987 (W.D. Wash. 2017) (in a first-party claim contribution action, the court reiterates that the law is clear, only an insured can tender a claim). It is the insured's prerogative alone whether to tender or not to a particular insurer a particular claim. *Mut. of Enumclaw v. USF Ins. Co.*, 164 Wn.2d 411, 422, 191 P.3d 866 (2008). Breach of an insurance policy cannot occur before the tender of a claim, because an insurer's duties do not become legal obligations until a claim is tendered. *Id.* at 421. "Selective tender" excuses the insurer from its duties under the policy if the insured has not tendered a claim to the insurer. *Id.*

Here, the plaintiffs have never tendered a first-party property damage claim to QBE. Plaintiffs only tendered the defense of the CARE litigation to QBE.

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 6
USDC ED WA CAUSE NO. 1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

ECF No. 125 at ¶19.  This is true even after QBE asked the plaintiffs, in October 2013, if they wished to tender a claim under the consent decree.  ECF No. 101-4 at Ex. B 242.  In their Complaint, plaintiffs continue to maintain that they do not consider the manure from their herd of cattle to be a pollutant.  ECF No. 125 at fn. 1, 2. Since the plaintiffs never tendered a claim to QBE for the extraction of pollutants from the land or water at an insured location, QBE never had a duty to provide coverage, and thus, there could not have been a breach.  Accordingly, because there was never a tender by the plaintiffs of a first-party claim, the plaintiffs' claims under the first party coverage part are not ripe.

      **1.**    **No Justiciable Controversy Exists For the Request for Declaratory Relief.**

A court's jurisdiction cannot be invoked under the Declaratory Judgments Act until there is a justiciable controversy.  28 U.S.C. § 2201.  The "question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941). If an actual controversy exists, the Court must decide to exercise its discretionary jurisdiction.  *Forest Glade*, 2009 WL 927750 at *3.  Declaratory relief actions are not permissible to address hypothetical questions as to the scope of insurance

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 7 USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/Fax (206) 624-3585

8000.00155 kc196h21ge.003

coverage for a claim that was never tendered. *Id. citing Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414-15 (11th Cir. 1995) (holding no justiciable case or controversy exists for a declaratory judgment action brought prior to the insurers receiving notice of a claim). Simply put, a "substantial controversy" between parties does not exist when an insured files suit against its insurance company prior to tender of the insurance claim. *Forest Glade*, 2009 WL 927750 at *4.

In their Complaint, plaintiffs request a declaration from the court of the "rights, duties, and liabilities" of the parties under the policies of insurance issued by QBE. However, plaintiffs never tendered a first-party claim to QBE.[2] Under the QBE Policies, the plaintiffs are required, when tendering a first-party claim, to submit a written report to QBE detailing the expenses incurred related to the extraction of pollutants from land or water at an insured location caused by a covered cause of loss during the policy period within 180 days of the date the covered cause of loss occurred. Plaintiffs' Complaint does not even allege that plaintiffs' tendered a claim for expenses related to the extraction of "pollutants." Without a tender, there is not a coverage dispute that is ripe for adjudication

---

[2] This Court has already issued summary judgment to QBE on Plaintiffs' third party declaratory relief claims. ECF 70.

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 8 USDC ED WA CAUSE NO. 1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

between the plaintiffs and QBE.  A justiciable controversy cannot exist absent an actual dispute.  No such dispute exists here.  Speculative allegations regarding how QBE might handle a first-party claim under the Policies, if a claim had been tendered, are not sufficient to present a justiciable controversy.

Finally, there is no evidence of immediacy and reality to warrant the issuance of a declaratory judgment.  The Complaint only alleges that plaintiffs' may have a "potential first-party claim" for coverage under the QBE Policies. The Complaint does not allege that plaintiffs ever tendered the "potential first-party claim."  In fact, plaintiffs did not tender any such claim. Washington insurance law does not require an insurance company to be omniscient regarding when and what claims its insureds may want to tender.  And certainly there can be no claim for breach of a duty to provide coverage, when the tender of a claim is a prerequisite to any such duty. Accordingly, an insurer simply cannot breach its duties under the insurance contract before the tender of the claim, and a declaration otherwise is not warranted.

Thus, there currently is no actual and justiciable controversy between the plaintiffs and QBE with regard to a "potential first-party claim" for which declaratory relief could be granted. Any declaration would be speculative. Therefore, the declaratory relief cause of action, as to the "potential first-party claim," is not ripe and should be dismissed.

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 9
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

### 2.    The "Potential First-Party" Property Coverage Breach of Contract Claim is Premature.

To bring a breach of contract claim, the plaintiffs must show the existence of a duty, that "the duty is breached and [that] the breach proximately causes damages to the claimant." *Nw. Indep. Forest Mfrs. v. Dept. of Labor & Indus.*, 78 Wn.App. 707, 712, 899 P.2d 6 (1995). Plaintiffs have never tendered their "potential first-party [property damage] claim," to QBE. Nor do Plaintiffs allege in the Complaint that they have tendered any such claim to QBE. Absent a tender, there is no duty. *See USF*, 164 Wn.2d at 422. Accordingly, until the "potential first-party claim" is tendered, the duties and obligations of the parties are speculative.[3] The Court should dismiss Plaintiffs' first-party claims.

### 3.    Plaintiffs' Bad Faith Claim for the Untendered "Potential First-Party Claim" is Not Ripe.

In order to prevail on an insurance bad faith claim, the insured "must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484, 78 P.3d 1274 (2003). The elements for a bad faith claim are the same as other torts: duty, breach, causation, and damages. *Id.*

---

[3] This Court has already issued summary judgment to QBE on Plaintiffs' third party breach of contract claims. ECF 70.

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 10
USDC ED WA CAUSE NO. 1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

Plaintiffs' breach of contract claim for its "potential first-party claim" is not ripe, since no such claim has ever been tendered to the insurers which would trigger any contractual duties. If there has not been a breach of the insurance contract, any controversy regarding whether the insurer's breach of the insurance contract was "unreasonable, frivolous, or unfounded" is hypothetical.    An insurance bad faith action is not ripe until the "potential first-party claim" is tendered and the insurer allegedly breaches the insurance contract. *See generally Atlanta Gas*, 68 F.3d 409; *Forest Glade*, 2009 WL 927750. Further, a bad faith claim, like any tort claim, requires the breach of a duty owed to the plaintiffs. Without tender of a claim, the insurer's duties are not triggered, and cannot be breached. *See USF*, 164 Wn.2d 411.

Plaintiffs allege defendants breached their implied duties of good faith and fair dealing by engaging, or failing to act, on nine specific duties. ECF No. 125 at ¶¶ 43.1 – 43.9.  These duties, however, only arise from the tender and subsequent handling of an insurance claim.  Prior to tender, these duties are not triggered and any alleged injury is speculative.  Plaintiffs' "potential first-party claim" was and is "potential" only *because* Plaintiffs never actually tendered it.  Therefore, the bad faith cause of action related to the potential first-party property claim is not ripe, and must be dismissed for lack of subject matter jurisdiction.

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 11 USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

### 4.    Claims Based on the Insurance Fair Conduct Act Are Not Ripe.

An insured that is "unreasonably denied a claim for coverage or payment of benefits by an insurer" may bring an IFCA action. RCW 48.30.015. IFCA is a tort cause of action, and therefore, requires a showing of duty, breach, causation, and damages. *See MKB Constructors v. Am. Zurich Ins. Co.*, 83 F.Supp.3d 1078 (W.D. Wash. 2015). Prior to bringing an IFCA action, the insured must provide 20-days written notice of the basis for the cause of action to the insurance company. RCW 48.30.015.

Plaintiffs have never tendered their "potential first-party claim" to QBE. Without tender of a claim, an insurer's duties are not triggered, and the insurer cannot deny coverage or benefits. A finding of a violation of IFCA prior to tender of a claim would be purely speculative, and no justiciable controversy exists with regard to this cause of action.

Further, the IFCA cause of action is not ripe because plaintiffs have never provided the statutorily required 20-day written notice to QBE with the basis for the cause of action as to the "potential first-party claim." Plaintiffs provided a 20-day notice on May 16, 2016, but only with regard to the third-party liability claim actually tendered to QBE. ECF No. 74 at 100. Accordingly, Plaintiff's IFCA cause of action related to its potential first-party claim should be dismissed.

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 12
USDC ED WA CAUSE NO. 1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

5.    **With Regard to the Potential First Party Claim, the cause of action for Violation of the Consumer Protection Act is Premature.**

To prevail in a Consumer Protection Act ("CPA") action, the plaintiff must establish: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). Plaintiffs' allegations under their CPA cause of action center around alleged failures by QBE to provide first-party benefits and to investigate a first-party claim. ECF No. 125 at ¶¶ 51-54. Plaintiffs' cause of action is based on the hypothetical first-party claim that was never tendered; therefore, no duties to plaintiffs have been triggered and QBE could not have violated the CPA for the "potential first-party claim." Thus, the CPA cause of action should also be dismissed.

B.    **Plaintiffs' Breach of Contact and Bad Faith Claims are Insufficiently Plead.**

Fed. R. Civ. P. 12(b)(6) allows for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. A motion to dismiss under 12(b)(6) "tests the legal sufficiency of a claim." *Workland & Witherspoon, PLLC v. Evanston Ins. Co.*, 141 F.Supp.3d 1148, 1150 (E.D. Wash. 2015) *quoting Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 13
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

8000.00185 kc196h21ge.003

dismissal, a complaint must allege factual content to state a claim for relief that is plausible on its face. *Workland*, 141 F.Supp.3d at 1150.

In considering a motion to dismiss under 12(b)(6), the court must limit itself to the contents of the pleadings. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents referred to in a plaintiffs' complaint, which are central to the alleged claim, are considered part of the pleadings. *Id.* at 498-99.

### 1.    The First-Party Breach of Contract Claim is Not Properly Plead.

The Additional Coverage for Pollutant Clean Up and Removal cited in Plaintiff's Complaint provides coverage for the "expense to extract 'pollutants' from land or water at the 'insured location' if the discharge, dispersal, … or escape of the 'pollutants' is caused by or results from a Covered Cause of Loss that occurs during the policy period." Accordingly, under the policy, QBE only has a duty to pay when a Covered Cause of Loss is the cause of the discharge of pollutants. Plaintiffs have plead no facts alleging that a Covered Cause of Loss is involved in the "potential first-party claim," and, thus, have not alleged coverage under Additional Coverage for Pollutant Clean Up and Removal. Plaintiffs have not alleged facts sufficient to assert that QBE owed a duty under the insurance contract and relief for breach of contract cannot be granted.

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 14
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

Further, plaintiffs do not allege they tendered a first-party claim. Instead, plaintiffs continue to maintain that their position is that manure is not a "pollutant," while simultaneously alleging breach of contract for failure to pay under the Pollution Clean Up and Removal Coverage for extraction of "pollutants." This position is nonsensical. If plaintiffs have consistently asserted that manure is not a pollutant, and have not submitted any expenses to QBE related to the extraction of pollutants, how can they also allege that QBE has a duty to adjust an untendered claim for pollutant removal?

No duty under the contract arises until tender of the claim, and no breach can occur prior to tender of a claim. *See USF*, 164 Wn.2d at 422. In the Complaint, plaintiffs have not alleged they tendered a first-party claim, and without a tender allegation, dismissal pursuant to 12(b)(6) is proper. The plaintiffs simply have failed to state a claim for breach of contract with regard to the "potential" first party coverage.

## 2. No Claim for Insurance Bad Faith exists under WAC 284-30-940.

Plaintiffs allege that QBE breached its duties of good faith and fair dealing by "[f]ailing to advise Plaintiffs that they had a right to resolve or narrow coverage and defense issues through good-faith nonbinding mediation, and by reducing the funds available to clean up the claimed contamination." ECF No.

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 15
USDC ED WA CAUSE NO. 1:16-cv-03141 TOR

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Ste 2000
Seattle, Washington 98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

125 at ¶ 49.  There is no such duty or requirement of an insurer.  Rather, it is an unfair act or practice for an insurer to "*fail to participate* in good faith in nonbinding mediation requested by an insured."  WAC 284-30-940 (emphasis added).  Upon request from an insured for nonbinding mediation, the insurer must then take action and provide the insured information on the environmental claim mediation program.  WAC 284-30-940(2).  There is no requirement for the insurance company to affirmatively provide information on the mediation program until *after* the insured's request.  Plaintiffs cannot succeed on a claim of bad faith premised on failure to advise on nonbinding mediation, since no such duty exists under Washington law.  Accordingly, plaintiffs' claims in this regard should be dismissed.

## IV. CONCLUSION

Plaintiffs' claims premised on their "potential first-party claim" are not ripe, because plaintiffs have never tendered a first-party claim to QBE. Accordingly, no standing exists, and dismissal of all first-party allegations in the Complaint is thus proper under Fed. R. Civ. P. 12(b)(1).

Further, plaintiffs' asserted claims for breach of contract based on their "potential first-party claim," and for bad faith and other related claims with regard to the "potential first-party claims" and nonbinding mediation, fail to state a claim

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 16
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/Fax (206) 624-3585

8000.00185 kc196h21ge.003

for which relief can be granted.  Dismissal for failure to state a claim for these claims is proper under Fed. R. Civ. P. 12(b)(6).

For these reasons, QBE respectfully requests that this Court enter an order dismissing all first-party allegations in the Complaint, dismissing plaintiffs' breach of contract claim premised on a "potential first-party claim," and dismissing plaintiffs' claim for bad faith, IFCA violations and CPA violations related to the "potential first-party claim" and the nonbinding mediation.

DATED this 23rd day of March, 2018.

SOHA & LANG, P.S.


By: _/s/Misty Edmundson_____
   Misty Edmundson, WSBA # 29606
   Email: edmundson@sohalang.com
   Jennifer Dinning, WSBA # 38236
   Email: dinning@sohalang.com
   **Soha & Lang, P.S.**
   1325 Fourth Avenue, Suite 2000
   Seattle, WA  98101-2570
   Telephone:  206-624-1800
   Facsimile:   206-624-3585
   Attorneys for Defendants QBE Insurance
   Corporation and Unigard Insurance
   Company

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 17
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

8000.00185 kc196h21ge.003

## CERTIFICATE OF SERVICE

I hereby declare that on March 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Bradford J. Axel
Sarah L. Wixson
Erika Hartliep
Stokes Lawrence Velikanje Moore &
Shore
120 N. Naches Avenue
Yakima, WA 98901
Tel: (509) 853-3000
Fax: (509) 895-0060
Email: bja@stokeslaw.com
Email: sarah.wixson@stokeslaw.com
Email: enh@stokeslaw.com
***Attorney for Plaintiffs***

Michael McCormack
Michael A. Guadagno
Bullivant Houser Bailey
1700 7th Avenue, Suite 1810
Seattle, WA 98101
Tel: (206) 521-6425
Fax: (206) 386-5130
Email:
michael.mccormack@bullivant.com
Email:
michael.guadagno@bullivant.com

***Attorneys for Defendants Bedivere
Insurance Company f/k/a OneBeacon
and Armour Risk Management, Inc.***

Dated this 23rd day of March, 2018

*s/Angela Murray*

_____
Angela Murray
Legal Secretary to Misty Edmundson

QBE INSURANCE CORPORATION AND UNIGARD INSURANCE
COMPANY'S MOTION TO DISMISS FIRST-PARTY CLAIMS – 18
USDC ED WA CAUSE NO.  1:16-cv-03141 TOR

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

8000.00185 kc196h21ge.003