UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE DOLSEN COMPANIES, a Washington Corporation, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BEDIVERE INSURANCE COMPANY, f/k/a ONEBEACON, et al.,<br><br>Defendants. | NO. 1:16-CV-3141-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants QBE Insurance Corporation and Unigard Insurance Company's Motion to Dismiss (ECF No. 136). Defendants Bedivere Insurance Company and Armour Risk Management, Inc., joined the Motion. ECF No. 139. Plaintiffs the Dolsen Companies, Cow Palace, LLC, and Three D Properties, LLC, oppose the Motion. ECF No. 153. The matter was submitted for consideration without oral argument. The Court has reviewed the

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS ~ 1

record and files herein, and is fully informed. For the reasons discussed below, the Motion is **granted in part** and denied in part.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements[.]" *Twombly*, 550 U.S. at 555. When deciding, the Court may consider the plaintiff's allegations and any "documents incorporated into the complaint by reference . . . ." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

//

//

## BACKGROUND

By way of review, Plaintiffs brought this action seeking a determination that Defendants were obligated to defend and indemnify Plaintiffs in the underlying CARE litigation. ECF No. 1-2. The CARE litigation involved Plaintiffs' dairy operations that contaminated the ground through over-application of manure and seepage of the manure from the holding ponds. *See* ECF No. 125 at ¶¶ 11-18. Before filing suit, Plaintiffs tendered their request for defense and indemnity, which Defendants denied based on the absolute pollution exclusion. *See* ECF No. 125 at ¶¶ 19-22. Plaintiffs then sent a pre-suit IFCA notice to Defendants, notifying Defendants of their intent to file suit before initiation this action. *See* ECF No. 140-1.

In the course of litigation, Defendants sought summary judgment on the duty to defend and indemnify, and the Court held in favor of Defendants on this issue, finding the absolute pollution exclusion applied as to the defense and indemnity benefits.[1] ECF No. 70. Shortly after, Plaintiffs brought a motion to compel the production of redacted and withheld claims files and related documents. ECF No. 81. The Court reviewed the withheld material *in camera* and ordered Defendants

---

[1] Defendants also moved for summary judgment on the remaining issues that were present at this time, which motion is still pending before the Court.

to produce certain portions of the withheld material.  ECF No. 120.  Some of the materials indicated Defendants were aware of additional first-party property coverage under the policies for expenses incurred in extracting pollutants, but Defendants never informed Plaintiffs of such.  The Court ordered disclosure.  After Plaintiffs reviewed the material, Plaintiffs filed an Amended Complaint (ECF No. 125) asserting claims based on the newly-discovered insurance benefit for breach of contract, insurance bad faith, violation of the Washington Consumer Protection Act (CPA), and violation of the Washington Insurance Fair Conduct Act (IFCA).

Around this time, Plaintiffs provided Defendants with supplemental discovery relating to the newly-discovered claims.  In response, Defendants moved the Court to sanction Plaintiffs and exclude the evidence from trial, arguing Plaintiffs should have disclosed the information sooner.  ECF No. 126.  The Court disagreed, finding Plaintiffs' disclosures were timely considering Defendants concealed the existence of the underlying claims and Plaintiffs, upon discovering the claims, soon thereafter supplemented their initial disclosures.  ECF No. 137.

Defendants are now (again) attempting to extinguish Plaintiffs' newly-discovered claims – along with a pre-existing theory for bad faith based on a purported duty to inform the insured that the insurer has a duty to mediate if requested by the insured – with a Motion to Dismiss.  ECF No. 136.  This matter is now before the Court.

DISCUSSION

Defendants' Motion to Dismiss asserts three main arguments.[2] First, Defendants argue that Plaintiffs did not tender a request for first-party benefits to the insurer and Defendants therefore never denied the request. As a consequence, Defendants argue, the newly-discovered claims are premature and the Amended Complaint fails to state a claim as to these claims. Second, Defendants argue that Plaintiffs' IFCA claim (based on the newly-discovered claim) should be dismissed because Plaintiffs did not identify first-party coverage on the IFCA notice form sent to Defendants before Plaintiffs filed suit. Third, Defendants argue the Court should dismiss Plaintiffs' bad faith claim premised on Defendants' purported duty to notify Plaintiffs that, if requested, Defendants would enter into mediation with Plaintiffs. Except as to the last theory for bad faith, Defendants' Motion to Dismiss is denied. These issues are addressed in turn.

---

[2] Defendants also argue that Plaintiffs did not specifically state that "a Covered Cause of Loss is involved" with the newly-discovered claim in Plaintiffs' Amended Complaint, ECF No. 136 at 14, but Defendants do not provide any support for the proposition that such is required to survive a motion to dismiss, *see* ECF No. 136 at 14-15, and the materials Defendants were forced to produce indicate a "Covered Cause of Loss" is involved.

A. **First-Party Breach of Contract and Related Claims**

The crux of Defendants' argument is that Plaintiffs never tendered a claim for first-party insurance benefits. *See* ECF No. 136 at 5-15. Defendants argue that, as a result, the newly-discovered claims are not ripe and are insufficiently plead because there has been no request for benefits and thus no corresponding duty has been triggered.[3] ECF No. 136 at 5-15. Critically, Defendants simply assume the original tender is not effective as to the newly-discovered claims. Defendants have not provided any support for its position that the original tender is not effective as to the newly-discovered claims. Rather, Defendants merely cite cases where there was either no tender at all or where the tender was late, as opposed to addressing whether an earlier tender was effective as to a concealed claim, later discovered by Plaintiffs. *See* ECF No. 136. Defendants' assumption is incorrect and the arguments depending on such thus fail.

The Court finds that Plaintiffs' original tender for defense and indemnity is effective as to the newly-revealed claims. In Washington, "the insured must

---

[3] Defendants also argue Plaintiffs lack standing, there is no justiciable controversy, etc., ECF No. 136 at 5-13, but these arguments all harken back to the assumption that Plaintiffs did not tender a request for coverage as to the newly-discovered claims.

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS ~ 6

affirmatively inform the insurer that its participation is desired" before the insurer's duty to provide benefits is triggered because the "insurer cannot be expected to anticipate when or if an insured will make a claim for coverage[.]" *Unigard Ins. Co. v. Leven*, 97 Wash. App. 417, 427 (1999); *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wash.2d 411, 421 (2008). This recognizes the reality that "[a]n insured may choose not to tender a claim to its insurer for a variety of reasons. Like a driver involved in a minor accident, an insured may choose not to tender in order to avoid a premium increase." *Mut. of Enumclaw*, 164 Wash.2d at 422.

While the insured must inform the insurer that its participation is desired, a tender for one benefit under a policy is effective as to any pertinent coverage under the policy because the request for benefits triggers the insurer's duty to not only consider the specific benefits requested, but also the duty to disclose pertinent coverage to the insured. *See Anderson v. State Farm Mut. Ins. Co.*, 101 Wash. App. 323, 330 (2000) (claims for damages caused by insurer's failure to disclose pertinent coverage when insured first contacted the insurer are ripe upon first request for coverage). Further, "as a matter of both Washington law and of simple logic, . . . [a] lawsuit itself constitutes a request for payment . . . under the policy, and at that point, the late notice rule applies." *Goodstein v. Cont'l Cas. Co.*, 509 F.3d 1042, 1057 (9th Cir. 2007) (footnoted omitted). Pursuant to the late notice

rule, "the insurer is not relieved of its obligation to perform on the policy unless it can show that the late notice actually and substantially prejudiced it." *Mut. of Enumclaw*, 164 Wash.2d at 425.

The Court finds the earlier tender is effective as a tender for the newly-revealed claims. It is true that Plaintiffs' pre-suit requests for benefits did not identify the newly-revealed benefit. However, Plaintiffs' newly-revealed benefit is clearly "pertinent coverage[]" that Defendants were obligated to disclose to Plaintiffs once the initial claim was presented. *Anderson*, 101 Wash. App. at 330. As such, the initial request was effective as to the newly-revealed benefit. In other words, the initial request gave Defendants more than mere notice of a potential claim; it clearly signaled to the Defendants that Plaintiffs were seeking benefits to cover the losses attributable to the overuse and seepage of manure—*i.e.* Plaintiffs actions clearly "inform[ed] the insurer that its participation [was] desired." *Unigard*, 97 Wash. App. at 427. Moreover, even if the early tender specifying defense and indemnity is not effective as to the newly-revealed claims, the Court finds that Plaintiffs have effectively requested benefits in their Amended Complaint. *Goodstein*, 509 F.3d at 1057.

Because Defendants entire argument is based on a false premise – without any discussion about why a motion to dismiss would be proper if the Court found a tender was made – Defendants Motion to Dismiss as to these claims is denied.

B. **IFCA Notice Sufficiency**

Defendants complain that Plaintiffs did not file an IFCA notice identifying the newly-revealed claims, ECF No. 137 at 3, while conceding Plaintiffs did file an IFCA notice as to the original claims involving Plaintiffs' request for defense and indemnity in the underlying CARE litigation. As above, Defendants assume an IFCA notice is only effective for a claim if the claim is specifically listed. Again, Defendants offer no case law in support of the proposition that such specificity, especially under the current facts, is required. And, again, the Court disagrees with Defendants' assumption.

Revised Code of Washington 48.30.015 requires a first party claimant to "provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner" twenty days before filing an action based on RCW 48.30.015—*i.e.* an unreasonable denial of a claim. The courts have held "IFCA's pre-suit notice provision is a mandatory condition precedent to an IFCA lawsuit." *MKB Constructors v. Am. Zurich Ins. Co.*, 49 F. Supp. 3d 814, 840 (W.D. Wash. 2014). Notably, the IFCA notice form does not require the insured to identify the specific benefits sought, but rather only requires the insured to identify the policy (or policies) at issue and the legal basis for the alleged violations. *See* ECF No. 140-1.

The Court finds that the original IFCA notice is effective as to the newly-revealed claims, at least under the facts before the Court where Defendants were obligated but failed to disclose the benefit to Plaintiffs, *Anderson*, 101 Wash. App. at 330, and where the newly-discovered benefit (1) involves the same underlying damages as the pre-suit IFCA notice and (2) is found under the policies identified in the pre-suit IFCA notice.[4] While Defendants argue for a limited scope of the IFCA notice, the IFCA notice itself only identifies the policies – not the specific benefits sought – and these policies include the newly-revealed benefit. As such, the IFCA notice appears to have a broad application on its face.

C. **Bad Faith under WAC § 284-30-040**

Defendants also argue that Plaintiffs' claim for insurance bad faith under WAC 284-30-940 does not state a claim upon which relief may be granted. ECF No. 136 at 15-16. Defendants concede that the insurer has a duty to participate (in good faith) in nonbinding mediation if requested by an insured, but Defendants argue this does not impose a duty on the insurer to inform the insured of the mediation program before the insured requests mediation. ECF No. 136 at 15-16.

---

[4] The provisions at issue for the newly-revealed claims appear to fall under the policies identified in the IFCA notice, *see* ECF No. 39-8 at 40, and Defendants have not argued anything to the contrary.

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS ~ 10

On this point, Defendants are correct. The plain language of WAC 284-30-940 merely requires participation in mediation if requested; it does not require the insurer to inform the insured of such. Defendants Motion to Dismiss is granted as to this theory for insurance bad faith (bearing in mind Plaintiffs have asserted other theories for bad faith that do survive the Motion).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motions to Dismiss (ECF Nos. 136, 139) are **GRANTED IN PART AND DENIED IN PART**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** May 16, 2018.



THOMAS O. RICE
Chief United States District Judge